### A. W. WILLIAMSON v. AMERICA BENNETT ET AL.

1. RECOVERY CAN BE HAD FOR SUBSTANTIAL PERFORMANCE OF CONTRACT IF STRICT PERFORMANCE WAIVED.

   The substantial performance of an entire and subsisting contract will entitle the party to a recovery, if he manifested at all times an intention to perform fully the same and made every reasonable effort so to do and the defendant by a paper writing and his subsequent conduct has waived a strict performance thereof.

2. ACTION ON ORIGINAL CONTRACT, NOT IMPROPER BECAUSE MODIFIED BY EXTENSION OF TIME OF PERFORMANCE, ETC.

   The modification of a contract by the parties, by extending the time of performance and by fixing the amount of the unpaid purchase price, will not operate as a substitution of a new contract so as to make an action brought on the original contract improper.

ERROR to Hamilton common pleas court.

**C. B. Matthews,** for plaintiff in error.

**Albert Bettinger,** for defendants in error.

**GIFFEN, J.**

It is claimed by the plaintiff in error that the contract set forth in the petition is entire and that the plaintiff could not recover on it unless her assignor had fully performed it in every respect in accordance with its terms. Counsel rely upon the following cases: *Witherow* v. *Witherow,* 16 Ohio 238; *Larkin* v. *Buck,* 11 Ohio St. 561, 568; *Allen* v. *Curles,* 6 Ohio St. 505.

In commenting upon these cases, Gilmore, J., in the case of *Goldsmith* v. *Hand,* 26 Ohio St. 101, says, at page 105:

"In each of these cases the court found the contract to be entire and subsisting. Nothing appeared in either of the cases indicating that there had been an intention to comply with the contract by the party seeking to recover upon it; or, on the other hand, an intention to waive a strict performance of it by the party defendant against a recovery. If either of these, or anything else equivalent to them, had appeared in the cases, they would not have fallen within the rule of law recognized in the cases."

And at page 106, he says:

"The principle of law recognized by these cases is this: 'That the courts will not encourage the violation of agreements by relieving

the defaulting party from the intentional and unjustifiable breach of his agreement, and allowing him to recover *pro tanto* for the part performance of a contract that is entire; where the other contracting party is not in fault, and has not waived a full performance by acceptance or otherwise.' "

In the case before us, the plaintiff always manifested an intention to perform fully the contract, and made every reasonable effort to do so, while the defendant not only by the paper writing of January 25, 1895, but by his subsequent conduct, waived strict performance of the contract, which according to the interpretation of the rule found in *Goldsmith* v. *Hand, supra,* would permit a recovery upon the contract where substantial performance had been shown.

We are of the opinion that the contract of January 25, 1905, was not a substitution for the contract sued on, but modified that contract by extending the time of performance and by fixing the amount of the unpaid purchase price. The issue upon the contract of January 25, was presented by the answer of the defendant, and while plaintiff denies that it was founded upon the prior verbal agreement as to the value of the undelivered material, yet she did not deny the execution and delivery of the paper writing, and the court in its charge to the jury, told them that the claim of the plaintiff was for the sum of $12,400, as stated in the contract of January 25.

The parties proceeded to trial upon the issues thus presented, and we are unable to see how a different result would follow were the action maintained upon the contract of January 25, 1905, as a substitute for the original contract. The allegation of the answer, that the contract of January 25, 1895, was made in pursuance of an agreement between Bennett and Williamson that the value of the undelivered property was for the sum of $12,400, is at variance with, and contradiction of, the writing itself, and all testimony tending to prove that issue was properly withdrawn from the jury.

The court committed no error in giving the special instructions requested by the plaintiff.

The first and second special instructions requested by the defendant were properly refused for the reason that the so-called note of January 25, 1895, did not supersede the original contract nor did it fix the value of the undelivered articles mentioned in the original contract.

From what has already been said, the third special instruction requested by the defendant was properly refused.

This is the second trial of the cause, with substantially the same

Williamson v. Bennett.

result in each, and there appears no good reason for disturbing the verdict upon the ground that it is against the weight of the evidence.

Judgment affirmed.

Judge Swing is of the opinion that the agreement of January 25, was a valid and subsisting agreement between the parties. That it was intended to be a substitution for the former agreement, and when the conditions contained in the former agreement were fully performed the sum of $12,400 was to be paid by Williamson and Baldwin. Plaintiff should have brought his action on this agreement.

Judge Swing is further of the opinion that the evidence shows that the agreement was never fully performed. In fact, matters mentioned in the contract, which were to be performed, were never attempted to be performed.